**MAYER|BROWN**

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910
mayerbrown.com

October 11, 2023

BY ECF

**Christopher J. Houpt**
Partner
T: +1 212 506 2380
F: +1 212 849 5830
choupt@mayerbrown.com

The Honorable Laura Taylor Swain
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**

Re: *Wells Fargo Securities, LLC v. LJM Investment Fund, L.P., et al.*, No. 1:18-cv-02020-LTS-SLC

Dear Judge Swain:

I write on behalf of Plaintiff/Counter-Defendant Wells Fargo Securities, LLC ("WFS") pursuant to Paragraph A.1(e) of Your Honor's Individual Practices respectfully seeking a stay of all pretrial deadlines as set by the Court's Pretrial Scheduling Order (Dkt. 225), including the deadline for dispositive briefing, pending completion of discovery in the related action, *LJM Fund Management, Ltd. v. Wells Fargo Sec., LLC*, No. 1:23-cv-07115 (LTS) (SLC) ("*Two Roads*"), involving the Two Roads fund. The parties have conferred and agree that a stay is warranted but disagree on the terms of the stay.

**Background**

WFS filed the above-captioned action on March 6, 2018 against Defendants LJM Investment Fund, L.P. and LJM Partners, Ltd., seeking reimbursement for a $16 million debit balance in a clearing account at WFS. On May 2, 2018, LJM Investment Fund, L.P., LJM Master Trading Fund, L.P., LJM Offshore Fund, Ltd., and PFC-LJM Preservation and Growth Fund, L.P. (collectively "LJM") brought counterclaims against WFS alleging that WFS breached the FCM Agreement by failing to allow LJM sufficient time to liquidate or transfer the open positions for its various funds and managed accounts. Dkt. 25. LJM subsequently amended its counterclaims twice. In February 2022, LJM brought suit on behalf of two more funds in state court, purportedly to avoid destroying diversity jurisdiction in this case.

It was not until August 11, 2023—following the close of fact and nearly all of expert discovery and on the eve of the parties' mediation before Magistrate Judge Cave—that LJM filed the *Two Roads* complaint. That case arises out of the same transactions and events as the other two, and, according to LJM's counsel, involves a claim that is 38 times greater than all of the counterclaims in the original case.

The parties agree that the issues in the cases overlap significantly, to such a degree that LJM does not even seem to contemplate depositions occurring in *Two Roads*. For its part, WFS (at LJM's

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. Laura Taylor Swain
October 11, 2023
Page 2

insistence) produced all documents relevant to Two Roads in the original case. We learned late in discovery, however, that, while LJM had not actively excluded Two Roads documents from its own production, it maintains that it does not even have access to many documents that belong to the Two Roads fund.[1] WFS learned of this issue only when it received a production from the SEC of documents that the SEC and CFTC had received in their own suit alleging fraud by LJM and its principals. That production included a limited number of Two Roads board minutes, one of which shows that LJM made no mention to the Two Roads board of WFS "coercing" liquidation or futures trades and stated that it was "LJM's intent . . . to close all open positions." Those minutes also point to other meetings with LJM and reports prepared by Two Roads, which WFS has not received.

LJM also refused to present 30(b)(6) testimony that covered the Two Roads trust. For instance, counsel for LJM shut down a line of questioning based on Two Roads not being a party to this action. *See* McBride 30(b)(6) Dep. Tr. 54:11:23 ("It's not combative, Matt. It's just that, I think that maybe you don't appreciate there are a lot of different legal entities here and some of them, for example – the Two Roads Trust – *has nothing to do with this case* and so your – if your question encompasses things that are – that are not within the case that may have different treatment . . . "). WFS did not press these issues because, at the time, there were no pending claims involving Two Roads. Thus, WFS has obtained next to no discovery on the fund that now represents approximately 97% of the claimed damages.

The parties agree that the two cases should be tried together and that some stay is warranted to avoid duplicative briefing and trial on cases that are premised on the same events. WFS believes that the stay should allow *Two Roads* to be litigated fully. That means allowing the parties to brief, and the Court to decide, the motion to dismiss. It also means allowing for the amount of discovery that is proportional to an $850 million-dollar claim, albeit one in which much relevant discovery has already occurred. WFS expects that the Court would enter, and WFS would agree to, a reasonable case management plan for the *Two Roads* case.

LJM believes that the Court should extend the trial date by a fixed period, regardless of whether that is sufficient to complete pre-trial proceedings in *Two Roads*. The period that they proposed was only two months, and LJM's counsel accused WFS of bad faith for suggesting that fact and expert discovery could be completed within one year and refusing to agree to what they call "a short period of expedited discovery" (Ex. 2) on this massive new claim. If WFS does not agree to expedited discovery, then LJM prefers to try the cases separately. As an initial matter, LJM inexplicably waited almost six years to bring Two Roads into this dispute—all while shutting down discovery efforts on the ground that "the Two Roads Trust has nothing to do with this case." In fact, discovery did not even begin until 2021—even a three-year delay by LJM would have put the

---

[1] *See* Ex. 1, March 13, 2023 email from M. Press, stating that "there are materials that LJM does not have in its possession, custody or control" that pertain to the Two Roads account because "[t]he mutual fund was governed by Two Roads Shared Trust, a separate entity with its own separate infrastructure."

two cases on the same schedule. Whatever strategy might have motivated that decision—perhaps a desire to secure a second bite at the apple if LJM loses the first trial—it has already wasted party and Court resources.

Moreover, LJM is unwilling to do anything to facilitate *Two Roads* discovery, let alone on any expedited basis. For example, although LJM brings suit as the "agent" for the Two Roads Trust, it asserts that WFS would have to subpoena Two Roads as a third party, and its counsel does not have authority to accept service of such a subpoena on behalf of the intended beneficiary of the suit. WFS and the Court should not have to endure duplicative trials, nor should LJM's tactical decision to delay filing constrain WFS's ability to obtain discovery on by far the largest LJM fund. LJM cannot suddenly feign urgency in getting these claims to trial.

Courts consider five factors when deciding a motion to stay: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id.*; *see also SST Global Technology, LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) (five-factor test applies "to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law)"). In balancing these factors, "the basic goal is to avoid prejudice" to either party. *Laumann v. Nat'l Hockey League*, 2013 WL 837640, at *2 (S.D.N.Y. Mar. 6, 2013) (quoting *In re OxyContin Antitrust Litig.*, 2012 WL 5184949, at *6 (S.D.N.Y. Oct. 19, 2012)) (internal quotation marks omitted).

Each of the five factors counsel in favor of staying this action pending the completion of discovery in *Two Roads*. The private interests support a stay: the parties agree that a stay is warranted and that the two cases should be tried together because the witnesses, documents, and legal issues are largely the same and "arise[] from the same nucleus of facts." *SST Global Tech., LLC*, 270 F. Supp. 2d at 455. The only possible prejudice to LJM from a stay is the predictable and entirely avoidable consequence of their waiting to file the *Two Roads* complaint until after discovery was finished in the first case. WFS, however, would be prejudiced if the Court were to impose an arbitrarily short schedule to complete discovery with an uncooperative non-party in *Two Roads*. It would also be prejudiced if it were forced to try the same claims twice, with Two Roads claiming the benefit of any rulings against WFS while asserting its independence to avoid rulings against LJM.

A stay would also serve the interest of the Court, interested parties, and the public: the parties are "essentially the same," the "causes of action asserted" and the legal issues presented are similar, such that a stay would conserve judicial resources and allow the parties to resolve both cases at one time. *See Trikona Advisors Ltd. v. Kai-Lin Chuang*, 2013 WL 1182960, at *3-4 (E.D.N.Y. Mar. 20, 2013) (granting stay where "the plaintiff in both actions" "is the same," "the defendants are essentially the same," "the same causes of action [are] asserted" and while the other action "may not settle every question of fact and law at issue in [the suit], it will in all likelihood settle many and simplify them all"). This is also true for non-party witnesses who may be called to testify

(including many former LJM and WFS employees, as well as Two Roads directors), as they would avoid the need to appear and testify twice on identical issues.

**The Parties Have Met and Conferred.**

After discussing the case plan at the August mediation and exchanging emails thereafter, the parties met and conferred as to this request on October 10, 2023, pursuant to Paragraph A.1(e) of Your Honor's Individual Practices. Accordingly, WFS respectfully requests that the Court stay pre-trial proceedings in this case, including the deadline for dispositive briefing, pending completion of discovery in *Two Roads*. This is the first request for an adjournment related to pretrial deadlines.

To the extent the Court is inclined to deny that request, WFS respectfully seeks a 30-day extension of time (to November 30, 2023) to file dispositive briefing to accommodate conflicting filing deadlines in other matters, including the motion to dismiss in the *Two Roads* case, which is due on October 28.

Respectfully submitted,

/s/ *Christopher J. Houpt*

Christopher J. Houpt

The Court has reviewed the parties' letters regarding their application for a stay. The foregoing request is granted to the extent that this case, including all pretrial deadlines as set forth in the Court's Pretrial Scheduling Order (DE#225), is hereby ordered stayed, pending completion of discovery in case no. 23-CV-7115. DE#226 resolved.
SO ORDERED.
October 25, 2023
/s/ Laura Taylor Swain, Chief USDJ

# EXHIBIT 1

**Artunian, Alina**
___

**From:** Matthew J. Press <mpress@presskoral.com>
**Sent:** Monday, March 13, 2023 9:59 AM
**To:** Artunian, Alina; Jason Koral
**Cc:** Fenn, Matthew E.; Houpt, Christopher J.; Nale, Lucia; Kluchenek, Matthew F.; Matthew J. Press
**Subject:** RE: Wells Fargo Securities, LLC v. LJM Investment Fund et al.,18-cv-2020- LJM [MB-AMECURRENT.FID1969383]

**CAUTION: External Email -** Only click on contents you know are safe.

Alina –

Apologies for the delay in providing you with the complete document cites in Mr. Hoffman's report. It should be another day or so, but we are on top of this and will be getting you an amended Schedule B. To address your concerns, we propose extending the deadline for the rebuttal reports by a week, to March 31.

As to the second issue you raise, I believe WFS has a misunderstanding. There were no separate servers within LJM. We have searched everything that LJM has in its possession, custody or control. However, there are materials that LJM does not have in its possession, custody or control. The mutual fund was governed by Two Roads Shared Trust, a separate entity with its own separate infrastructure. We understand that Two Roads Shared Trust acted as the board for a number of unrelated funds in addition to LJM—hence, the word "shared" in its name. As we explained during our call, we don't represent the trust, which has its own separate counsel.

Unlike the actions between LJM entities and WFS, the SEC action centers on the mutual fund. The SEC evidently subpoenaed the trust and obtained documents we don't have such as the board minutes, which bear a distinct bates designation. We did not find those documents in our directory or searches. Such documents evidently were maintained internally by the trust and not shared with the fund manager, LJM Funds Management, Ltd.

As to the two entities in the state case, each was managed by LJM Partners and did not involve the Two Roads board, which only served as the board to the mutual fund. There are no separate or additional servers within LJM to search in connection with state case. In connection with our agreement to consolidate discovery, we topped off the federal production with some additional fund formation documents and management agreements related to the two entities in the state case, so you have everything we have related to the state case as well.

Best,

Matthew J. Press, Esq.
Press Koral LLP
641 Lexington Avenue, 13th Floor
New York, NY  10022
tel: (212) 922-1111
fax: (347) 342-3882
cell: (347) 419-0983
mpress@presskoral.com
http://www.presskoral.com

1

**From:** Artunian, Alina <AArtunian@mayerbrown.com>
**Sent:** Friday, March 10, 2023 5:31 PM
**To:** Jason Koral <jkoral@presskoral.com>; Matthew J. Press <mpress@presskoral.com>
**Cc:** Fenn, Matthew E. <MFenn@mayerbrown.com>; Houpt, Christopher J. <CHoupt@mayerbrown.com>; Nale, Lucia <LNale@mayerbrown.com>; Kluchenek, Matthew F. <MKluchenek@mayerbrown.com>
**Subject:** RE: Wells Fargo Securities, LLC v. LJM Investment Fund et al.,18-cv-2020- LJM [MB-AMECURRENT.FID1969383]

Matt & Jason,

Following on my email below, can you please let us know when we can expect the updated Appendix B to the Hoffman report and a production of the documents relied upon that were not previously produced or publicly available? As you are well aware, WFS is entitled to this information under the Federal rules, and a delay in production of documents that Mr. Hoffman relied upon in his report that are not available to WFS (publicly or through production in this action) is prejudicial to WFS.

Separately, and as a continuing effort to meet and confer on the issues raised in our letters to the court, we have a few additional questions about LJM's discovery and production efforts in this litigation. During our meet and confer concerning certain documents produced to us by the SEC as exhibits to the SEC/CFTC transcripts (for example, the Two Roads board minutes), you had informed us that documents related to separate LJM funds are "segregated" on separate servers and so the search terms and custodians that were applied for document discovery in this action would not have captured those documents. Can you please confirm whether our understanding is correct, and if so, can you please explain (1) what these "servers" are and how they segregate LJM's data (since this is the first we are hearing of this), and (2) how LJM's productions in this action included data related to Two Roads and other non-party accounts, at the exclusion of those documents available in the SEC's production?

Additionally, given this information about the segregation of documents by LJM fund, we are separately concerned that the collection of documents in the federal case may not have captured documents related to the LJM funds at issue in the state case. Please confirm that (1) all servers relating to the state funds were searched for the purposes of discovery, and (2) any documents produced in the federal case includes documents related to the funds in the state case.

Thanks,
Alina

---

**From:** Artunian, Alina
**Sent:** Thursday, March 2, 2023 11:06 AM
**To:** Jason Koral <jkoral@presskoral.com>; Matthew J. Press <mpress@presskoral.com>
**Cc:** Fenn, Matthew E. <MFenn@mayerbrown.com>; Houpt, Christopher J. <CHoupt@mayerbrown.com>; Nale, Lucia <LNale@mayerbrown.com>; Kluchenek, Matthew F. <MKluchenek@mayerbrown.com>
**Subject:** RE: Wells Fargo Securities, LLC v. LJM Investment Fund et al.,18-cv-2020- LJM [MB-AMECURRENT.FID1969383]

Jason & Matt,

Separately, we're following up on yesterday's discussion about the Matthew Hoffman expert report. As discussed, a significant number of documents that were listed in Appendix B to the Hoffman report—reflecting documents that were reviewed and considered by your expert—were either not produced or not identified properly in the appendix.

Attached is an extracted version of Appendix B to your expert's Report, which includes our highlighting the documents for which we need identifying Bates numbers (for example, the Daily Valuation Reports from 2/2/2018 through 2/7/2018, on page 61 of the Report), as well as the

# EXHIBIT 2

# Artunian, Alina

| | |
|---|---|
| **From:** | Matthew J. Press <mpress@presskoral.com> |
| **Sent:** | Wednesday, October 11, 2023 2:38 PM |
| **To:** | Artunian, Alina |
| **Cc:** | Jason Koral; Houpt, Christopher J.; Watt, Anjanique M.; Nale, Lucia; Fenn, Matthew E.; Matthew J. Press |
| **Subject:** | Re: Remaining Discovery Items Per Conference with Mag. Cave |

**CAUTION: External Email** - Only click on contents you know are safe.

If you can't come up with a good faith proposal for a short period of expedited discovery followed by a joint trial, then the answer is two trials, not the delay of a trial the court wants done now.

Matthew J. Press, Esq.
Press Koral LLP
7 World Trade Center, 46th Floor
New York, New York 10007
tel: (212) 922-1111
fax: (347) 342-3882
cell: (347) 419-0983
mpress@presskoral.com
http://www.presskoral.com

> On Oct 11, 2023, at 2:23 PM, Artunian, Alina <AArtunian@mayerbrown.com> wrote:
>
> Matt,
>
> What you said "definitively" is the point that we disagree on. The Two Roads case does need to proceed on its own track, and it needs to complete discovery before both cases can be tried. That stay would not be "indefinite"—we would hope that the work needed to be done would be completed within a year—but it would have to be tied to actually completing pre-trial proceedings in the Two Roads case, rather than some arbitrary fixed deadline.
>
> Unfortunately, it is impossible to know how long that will take, as LJM is taking the position that the party for whose benefit it is bringing the case is a third-party—we do not know whether Two Roads will cooperate, how long it will take it to produce documents, or the number or identities of its witnesses. We also do not agree that expert discovery in a supposedly $850 million case can be handled by simply tacking on another table to a report that was served in a case a fraction of that size.
>
> -Alina
>
> From: Matthew J. Press <mpress@presskoral.com>
> Sent: Wednesday, October 11, 2023 12:51 PM
> To: Artunian, Alina <AArtunian@mayerbrown.com>
> Cc: Jason Koral <jkoral@presskoral.com>; Houpt, Christopher J. <CHoupt@mayerbrown.com>; Watt, Anjanique M. <AWatt@mayerbrown.com>; Nale, Lucia <LNale@mayerbrown.com>; Fenn, Matthew E.

1

<MFenn@mayerbrown.com>; Matthew J. Press <mpress@presskoral.com>
**Subject:** Re: Remaining Discovery Items Per Conference with Mag. Cave

**CAUTION: External Email - Only click on contents you know are safe.**

Alina -

To be clear, we said we were open to discussing an appropriate period of time to complete discovery in the mutual fund case before going to a joint trial, which we thought was two months. All we said definitively is that we don't agree to a stay that puts off trial indefinitely while the mutual fund case proceeds on its own track. We are awaiting your proposal on how long you need for expedited discovery in the mutual fund case. Also, we are quite willing to try the cases separately, as they are bench trials and the court can handle two separate trials more easily than if they were jury trials.

We don't believe you have adequately met and conferred on these issues before going to the court.

Best,

Matthew J. Press, Esq.
Press Koral LLP
7 World Trade Center, 46th Floor
New York, New York 10007
tel: (212) 922-1111
fax: (347) 342-3882
cell: (347) 419-0983
mpress@presskoral.com
http://www.presskoral.com

> On Oct 11, 2023, at 12:42 PM, Artunian, Alina <AArtunian@mayerbrown.com> wrote:
>
> Matt, Jason – we cannot agree to your proposal of staying this case to start and finish discovery in Two Roads within two months (with an anticipated trial date for both cases in March or April 2024). We would of course agree to a reasonable discovery schedule on Two Roads, but we cannot agree to a fixed deadline to go to trial in both cases, regardless of whether Two Roads is trial-ready. In the interest of time, given the upcoming deadlines and the fact that we seem to be in agreement about the need for the stay in principle but disagree on the terms of the stay, we plan to file a letter motion seeking a stay and adjournment of pretrial deadlines later today or tomorrow.
>
> Thanks,
> Alina
>
> **From:** Matthew J. Press <mpress@presskoral.com>
> **Sent:** Friday, October 6, 2023 2:51 PM
> **To:** Artunian, Alina <AArtunian@mayerbrown.com>
> **Cc:** Jason Koral <jkoral@presskoral.com>; Houpt, Christopher J. <CHoupt@mayerbrown.com>; Watt, Anjanique M. <AWatt@mayerbrown.com>; Nale,

2

Lucia <LNale@mayerbrown.com>; Fenn, Matthew E. <MFenn@mayerbrown.com>
Subject: Re: Remaining Discovery Items Per Conference with Mag. Cave

**CAUTION: External Email -** Only click on contents you know are safe.

Any time Tuesday works for me. How is 1 pm.

Matthew J. Press, Esq.
Press Koral LLP
7 World Trade Center, 46th Floor
New York, New York 10007
tel: (212) 922-1111
fax: (347) 342-3882
cell: (347) 419-0983
mpress@presskoral.com
http://www.presskoral.com

> On Oct 6, 2023, at 2:47 PM, Artunian, Alina <AArtunian@mayerbrown.com> wrote:

Our Monday afternoon is pretty tight. What about Tuesday? We're free 12:30-2pm, and after 3pm.

From: Matthew J. Press <mpress@presskoral.com>
Sent: Friday, October 6, 2023 2:24 PM
To: Artunian, Alina <AArtunian@mayerbrown.com>
Cc: Jason Koral <jkoral@presskoral.com>; Houpt, Christopher J. <CHoupt@mayerbrown.com>; Watt, Anjanique M. <AWatt@mayerbrown.com>; Nale, Lucia <LNale@mayerbrown.com>; Fenn, Matthew E. <MFenn@mayerbrown.com>
Subject: Re: Remaining Discovery Items Per Conference with Mag. Cave

**CAUTION: External Email -** Only click on contents you know are safe.

Is 2 possible? I will be driving in the morning and need to anticipate the possibility of traffic.

Matthew J. Press, Esq.
Press Koral LLP
7 World Trade Center, 46th Floor
New York, New York 10007
tel: (212) 922-1111
fax: (347) 342-3882
cell: (347) 419-0983
mpress@presskoral.com
http://www.presskoral.com