**Press Koral LLP**
7 World Trade Center, 46th Floor
New York, NY 10007

Matthew J. Press
(212) 922-1111

Cell (347) 419-0983
mpress@presskoral.com

January 11, 2024

**BY ECF**

Hon. Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Rm. 17C
New York, NY 10007-1312

# **MEMO ENDORSED**

*Re:   Wells Fargo Securities, LLC v. LJM Investment Fund, L.P. et al, 18-cv-02020*

Dear Judge Swain:

  This firm is counsel to Defendants LJM Investment Fund, L.P. and LJM Partners, Ltd. and Counterclaimants LJM Investment Fund, L.P., LJM Partners, Ltd., LJM Master Trading Fund, L.P., LJM Offshore Fund, Ltd., and PFC-LJM Preservation and Growth Fund, L.P. (collectively, "LJM").

  By Order, dated October 25, 2023, the Court stayed all pretrial deadlines set forth in the Court's Pretrial Scheduling Order, DE#225, pending completion of discovery in the related action, *LJM Funds Management, Ltd. v. Wells Fargo Securities, LLC*, Civil Action No. 1:23-cv-7115-(LTS-SLC) (the "Mutual Fund Action").

  We write to advise the Court that today LJM Funds Management, Ltd. ("LFM") voluntarily discontinued the Mutual Fund Action under Rule 41(a) of the Federal Rules of Civil Procedure. LFM did so because Two Roads Shared Trust ("Two Roads"), a Delaware statutory trust, chose to join LFM in its claims against Defendant Wells Fargo Securities LLC ("WFS"). As a Delaware statutory trust, with one or more investors resident in the states of Delaware and North Carolina, Two Roads lacks complete diversity with WFS, a Delaware limited liability company, the sole shareholder of which is a Delaware corporation with its principal place of business in North Carolina. In its motion to dismiss the Mutual Fund Action, WFS contended that the Court lacked subject matter jurisdiction over an action brought by LFM alone. With the addition of Two Roads as a second plaintiff, there simply is no basis for subject matter jurisdiction in this Court. Thus, LFM had no choice but to voluntarily discontinue the Mutual Fund Action. Without waiving their rights, LFM and Two Roads have timely filed a new action, substantially similar to the Mutual Fund Action, in the Supreme Court of the State of New York.

  With the Mutual Fund Action now resolved in this Court, there no longer are grounds for a stay of the trial in this action. By Order, dated January 3, 2024, the Court rescheduled the final pretrial conference in the action to May 3, 2024, at 11:00 a.m. LJM respectfully requests that the Court now reestablish the various pretrial deadlines set forth in the Pretrial Scheduling Order, DE #225, based upon the new May 3, 2024 pretrial conference date. Accordingly, LJM proposes the

following dates and deadlines, each of which is based upon the Pretrial Scheduling Order issued by the Court:

| | |
|---|---|
| <u>Dispositive Pretrial Motions:</u> | March 1, 2024 |
| <u>Other Pretrial Motions:</u> | April 3, 2024 (Thirty days before May 3, 2024) |
| <u>Preliminary Conference:</u> | March 19, 2024 (Forty-five days before May 3, 2024) |
| <u>Joint Pretrial Statement</u> | April 26, 2024 (Seven days before May 3, 2024) |
| <u>Proposed Findings of Fact and Conclusions of Law:</u> | April 26, 2024 (Seven days before May 3, 2024) |

Respectfully Submitted,

*[signature]*

Matthew J. Press

The foregoing request to set pretrial deadlines is denied without prejudice as to renewal. The Court directs counsel's attention to A.1.b of the Court's Individual Rules requiring confirmation of prior consultation with all parties before requesting judicial action. DE#235 resolved.
SO ORDERED.
January 17, 2024
/s/ Laura Taylor Swain, Chief USDJ

2