**MAYER | BROWN**

> WFS's request at ECF No. 273 is **DENIED without prejudice** to renewal after resolution of its pending summary judgment motion. (See ECF No. 242).
>
> The Clerk of Court is respectfully directed to close ECF No. 273.
>
> SO ORDERED.   April 14, 2025
>
> /s/ Sarah L. Cave
> SARAH L. CAVE
> United States Magistrate Judge

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020-1001
United States of America
T: +1 212 506 2500
F: +1 212 262 1910
mayerbrown.com

**Christopher J. Houpt**
Partner
T: +1 212 506 2380
F: +1 212 849 5830
choupt@mayerbrown.com

April 11, 2025

BY ECF

The Honorable Sarah L. Cave
United States District Court for the
 Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Wells Fargo Securities, LLC v. LJM Investment Fund, L.P., et al.*, No. 1:18-cv-02020-LTS-SLC

Dear Magistrate Judge Cave:

We write on behalf of Plaintiff-Counter-Defendant Wells Fargo Securities, LLC ("WFS") to respectfully request that the Court enforce its September 29, 2023 Order by compelling LJM to (1) produce transcripts and exhibits for depositions that have taken place in *LJM Partners, Ltd. v. Wedbush Securities, Inc.*, No. 2023L009473 (Ill. Cir. Ct.) ("*Wedbush* action"), (2) continue to supplement its production on a rolling basis as transcripts and exhibits become available, (3) produce its privilege log in the *Wedbush* action, and (4) if necessary, to produce all documents that LJM concluded were responsive in the *Wedbush* action but were improperly withheld from production in this action. WFS has attempted to meet and confer with LJM on these issues, but LJM has not responded to any of WFS's requests.[1]

I.   Deposition Transcripts and Exhibits

This is only one of many cases involving LJM's collapse. When discovery concluded in 2023, WFS anticipated that future testimony in other cases would be relevant to this case and that a court order would help remind LJM of its obligation under Rule 26(e)(1) to supplement its production, on its own initiative, with newly obtained documents (including transcripts and exhibits). The Court ordered on September 29, 2023, that the parties have a "continuing obligation to supplement their respective discovery disclosures and responses after the close of discovery." ECF 224 at 2. The Court ordered that this obligation specifically includes producing "transcripts

---

[1]   WFS acknowledges the Court's Individual Practice Rule 1, which states that an "exchange" of letters does not satisfy the meet-and-confer requirement. WFS has not been able to conduct an in-person or telephonic meet-and-confer, however, because LJM has failed to respond to letters dated February 10 and March 25 and an email dated April 9, the latter two of which stated that WFS would move to compel if LJM did not respond by specified dates. Rule 1 also states that "[c]ounsel must respond promptly and in good faith to any request from another party to confer in accordance with this paragraph."

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. Sarah L. Cave
April 11, 2025
Page 2

and exhibits of any deposition or other testimony given in any litigation . . . in which any former LJM [] employee, partner, affiliate, or agent is involved, either as a party or a third-party, including but not limited to" the *Wedbush* action, which was identified by name and docket number in the order. *Id*.

The order was not enough. WFS has learned that depositions in the *Wedbush* action have already taken place (*see* **Ex. 1** ¶ 14 (Plaintiffs' Opposition to Defendant's Second Motion for In Camera Review)), and yet LJM has refused to produce any of the transcripts and exhibits as so-ordered by Your Honor.

There is no dispute that testimony from the *Wedbush* action is responsive to several of WFS's document requests (and relevant to support WFS's claims and defenses in this action). In both here and in *Wedbush*, LJM has asserted that Wedbush "failed to timely 'give up' certain Risk Reducing Trades to WFS." Dkt. 250 at 13; **Ex. 2** (LJM's First Amended Complaint in the *Wedbush* action). LJM also claims that Wedbush "share[s] responsibility [with WFS] for LJM's losses." Dkt. 250 at 26. Here, however, LJM downplays Wedbush's role, arguing that WFS should have treated positions in Wedbush's books as if they had already been "given up" (transferred) to WFS; in the *Wedbush* action, LJM argues that Wedbush caused the losses on February 6. Thus, not only are the facts surrounding Wedbush's role during Volmageddon relevant to WFS's defenses, but LJM employees have motives to give inconsistent testimony in the two cases.

WFS first reminded LJM on February 10, 2025 of its obligation to produce the deposition transcripts and exhibits in the *Wedbush* action. **Ex. 3** (February 10, 2025 Letter to LJM). WFS followed up on March 25, 2025, requesting a response by April 1, 2025. **Ex. 4** (March 25, 2025 Letter to LJM). WFS followed up again on April 9, 2025. **Ex. 5** (Email to LJM). For more than two months since WFS's first letter, LJM has not produced any materials, nor has it even responded to WFS. WFS respectfully requests that LJM be compelled to (1) immediately produce all transcripts and exhibits for depositions that have taken place in the *Wedbush* action by a date certain, (2) continue to supplement its production on a rolling basis as transcripts and exhibits become available for all remaining witnesses, and (3) reimburse WFS for the reasonable costs of this Motion, pursuant to Rule 37(a)(5)(A).

II. <u>Privilege Log and Other Withheld Documents</u>

WFS also requests that the Court order LJM to produce the privilege log that it apparently produced in the *Wedbush* action. Here, LJM explained its failure to produce a privilege log by telling WFS that LJM had not withheld any documents on the basis of privilege. This assertion, which WFS had little choice but to accept, did not seem to be entirely implausible given the short time frame in which the relevant events unfolded. Recently, however, WFS became aware that LJM did withhold documents on the basis of privilege in the *Wedbush* action. *See* **Ex. 6** ¶ 7 (LJM's Opposition to Wedbush's Second Motion to Compel) ("Finally, after Wedbush brought its second

Hon. Sarah L. Cave
April 11, 2025
Page 3

motion to compel, the LJM and SMA Plaintiffs provided their privilege log.").[2] Given the overlap in allegations asserted by LJM here and in the *Wedbush* action, it seems extremely unlikely that responsive privileged documents in the *Wedbush* action are not equally responsive to WFS's discovery requests in this action. Indeed, LJM has not disputed that inference in the two months since WFS's March 25 letter.

Of course, LJM's failure to timely serve a privilege log waives any privilege. *See, e.g.*, *GateGuard, Inc. v. Amazon.com Inc.*, 2024 WL 3952145, at *1 (S.D.N.Y. Aug. 27, 2024) (affirming Magistrate Judge's finding that defendant waived privilege by failing "to provide a timely privilege log"); *Hurst v. F.W. Woolworth Co.*, 1997 WL 61051, at *6 (S.D.N.Y. Feb. 11, 1997) (finding that defendant waived privilege due to its failure to produce a privilege log). As an initial matter, however, WFS requests only that LJM be compelled to produce the *Wedbush* privilege log, which has already been disclosed to adverse parties in the *Wedbush* case. If LJM contends that the withheld documents were somehow not responsive to requests in this case, that should be evident from the log.

WFS's March 25 letter raised this issue, requesting that LJM produce the same privilege log it produced in the *Wedbush* action, as well as all documents it concluded were responsive in the *Wedbush* action but were withheld from production in this action, as well as any other responsive documents that LJM withheld in this case. **Ex. 4** (March 25, 2025 Letter to LJM). As noted above, LJM has not responded to that letter or to our April 9 email. Accordingly, WFS respectfully requests that LJM be compelled to produce these materials immediately.

Respectfully submitted,

/s/ *Christopher J. Houpt*

Christopher J. Houpt

---

[2] The SMA Plaintiffs are individuals who owned separately-managed accounts managed by LJM.